IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| RESOLUTION MANAGEMENT CONSULTANTS, <br> Plaintiff, <br> v. <br> DESIGN ONE BUILDING SYSTEMS, INC.; AMERICA ONE COMPANIES, INC.; KENNETH R. DAVIN, <br> Defendants. | Civil No. 18-12191 (RBK/AMD) <br> Civil No. 21-17859 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This case involves a dispute between a construction consultant and a group of builders relating to allegations of nonpayment. Presently before the Court is Defendants Design One Building Systems, Inc., American One Companies, Inc., and Kenneth R. Davin's Motion to Set Aside the Default Judgment (Civ. No. 21-17859 Doc. No. 46).

**I.     BACKGROUND**

In 2010, Design One Building Systems, Inc., America One Companies, Inc., and Kenneth R. Davin ("Defendants") filed a litigation against the Veterans Administration ("VA") before the U.S. Civilian Board of Contract Appeals over a payment dispute relating to the construction of a VA facility in Knoxville, Tennessee. In 2013, Defendants hired Resolution Management Consultants, Inc. ("RMC") as their construction consultant in connection with the VA facility.

RMC completed services for Defendants, but, allegedly, Defendants did not pay for services rendered in 2016, 2017, and 2018.

1

On July 23, 2018, Kenneth Davin filed a complaint against RMC in the Chancery Court for Knox County, Tennessee concerning the work RMC performed for the VA building. (Action #1).

One week later, RMC brought a separate action in the District of New Jersey, claiming breach of contract, quantum meruit, and unjust enrichment. (Civ. No. 18-12191 Doc. No. 1) (Action #2). In that action, RMC obtained a default judgment in the amount of $203,224.58 plus costs. (Civ. No. 18-12191 Doc. No. 7).

On August 22, 2018, RMC removed Action #1 to the Eastern District of Tennessee. It did not identify Action #2 as a "related matter" on the civil cover sheet.

On April 27, 2020, RMC requested that the default judgment from Action #2 be enrolled as a foreign judgment in the Eastern District of Tennessee, Knoxville Division. (Civ. No. 21-17859 Doc. No. 1) (Action #3). On December 11, 2020, Defendants made a Motion to Set Aside Judgment in the Eastern District of Tennessee action, arguing that the default judgment is void due to lack of jurisdiction, insufficient service of process, due process violations, and procurement by fraud. (Civ. No. 21-17859 Doc. No. 11). On September 29, 2021, The Eastern District of Tennessee denied the motion without prejudice and ordered the transfer of the case to the District of New Jersey. (Civ. No. 21-17859 Doc. No. 32). On December 1, 2021, Defendants refiled the Motion to Set Aside Judgment. (Civ. No. 21-17859 Doc. No. 46).

In sum, this procedural history gives rise to two civil dockets in this Court, Actions #2 and #3 (Action #1 is not before this Court). Action #2, Civ. No. 18-12191, began in this Court with RMC's complaint against Defendants, and it resulted in a default judgment. Action #3, Civ. No. 21-17859, began in the Eastern District of Tennessee, Knoxville Division, where RMC sought to enroll the Action #2 default judgment – that matter was transferred here.

We now turn to Defendants' Motion to Set Aside Judgment. (Civ. No. 21-17859 Doc. No. 46).

## II.  LEGAL STANDARD

On January 3, 2022, Defendants filed a Motion to Set Aside Judgment. (Civ. No. 21-17859 Doc. No. 46). Defendants raises Federal Rule of Civil Procedure 60(b)(3) and 60(b)(4) in support of this motion.

**A. Standard for Relief from Judgment**

Rule 60(b) permits Courts to relieve parties "from a final judgment, order, or proceeding": (3) for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" and (4) where "the judgment is void." Fed.R.Civ.P. 60(b).

The Third Circuit has "cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Logan v. Am. Contract Bridge League*, 173 F. App'x 113, 116 (3d Cir. 2006) (quoting *Boughner v. Sec'y of HEW,* 572 F.2d 976, 977 (3d Cir.1978)); *see also Pridgen v. Shannon,* 380 F.3d 721, 728 (3d Cir.2004) ("[L]egal error does not by itself warrant the application of Rule 60(b).").

To obtain relief under Rule 60(b)(3), "the moving party must establish that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting his case." *Project Mgmt. Inst., Inc. v. Ireland*, 144 Fed. App'x. 935, 937 (3d Cir.2005) (citing *Stridiron v. Stridiron,* 698 F.2d 204, 206-07 (3d Cir.1983)). According to Rule 60(c)(1), motions made under Rule 60(b)(2) or (b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

To invoke Rule 60(b)(4), the Plaintiff must demonstrate that the judgment is void. A "void judgment is one which, from its inception, was a complete nullity and without legal effect," for example, where the Court lacks subject matter jurisdiction or where service was

3

never effected on a party. Wright & Miller, *11 Fed. Prac. & Proc. Civ.2d* § 2862. The one-year time bar that applies to motions made under Rule 60(b)(3) does not apply to motions made under Rule 60(b)(4). *See United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000) ("We agree that no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status whenever a Rule 60(b) motion is brought.").

### III. DISCUSSION

#### A. Motion to Set Aside Default Judgment Under 60(b)(3)

Defendants seek to vacate the Default Judgment under Rule 60(b)(3) on the grounds that the Judgment was procured by fraud. However, this motion comes over two years after the Default Judgment was entered. Because Defendants' motion is outside of the one-year time limit outlined in Rule 60(c)(1), the motion to vacate the Default Judgment under Rule 60(b)(3) is denied.

#### B. Motion to Set Aside Default Judgement Under Rule 60(b)(4) Due to Lack of Personal Jurisdiction

Defendants also seek to vacate the Default Judgment under Rule 60(b)(4). According to the Complaint, Plaintiff is a citizen of New Jersey and Defendants are residents of Tennessee. In its brief opposing this motion, Plaintiff asserts that this Court has jurisdiction over Defendants because Defendants "purposefully directed" activities toward the state of New Jersey by way of entering a contract with Plaintiff, a New Jersey corporation. Defendants argues that this level of contact is insufficient.

Once a defendant raises the defense of lack of personal jurisdiction, the burden shifts to the plaintiff to prove by a preponderance of evidence facts sufficient to establish personal jurisdiction. *Carteret Savings Bank F.A. v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992). To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake

a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction. Second, the court must apply the principles of due process. *Imo Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998). In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, and so New Jersey courts look to federal law for the interpretation of the limits on personal jurisdiction. *Id.*

Personal jurisdiction under the Due Process Clause depends on the "relationship among the defendant, the forum, and the litigation." *Imo Indus.,* 155 F.3d at 259. Physical presence within the forum is not required; instead, the plaintiff must show that the defendant purposefully directed its activities toward the residents of the forum state, or otherwise "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985), and *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

Personal jurisdiction can be either in the form of "specific jurisdiction" or "general jurisdiction." If the plaintiff's cause of action relates to or arises out of the defendant's contacts with the forum, the court is said to exercise "specific jurisdiction." *Imo Indus.,* 155 F.3d at 259. If the plaintiff's claim does not arise out of the defendant's contacts with the forum, the court is said to exercise "general jurisdiction"; under general jurisdiction, the contacts must be shown to be "continuous and systematic." *Id.* at 259 n. 2.

## A. Specific Jurisdiction

For a court to properly exercise specific jurisdiction under the Due Process Clause, a plaintiff must satisfy a two-part test. First, a plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. Second, the court must determine

in its discretion that to extend jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" *Imo Indus.,* 155 F.3d at 259 (citing *Burger King Corp.,* 471 U.S. at 474, and *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)).

*1. Minimum Contacts*

Plaintiff asserts that Defendants "purposefully availed" themselves of the privileges of doing business in the forum state by negotiating, entering into, and breaching a contract with Plaintiff, a New Jersey corporate citizen. Specifically, Plaintiff alleges that Defendant reached out to New Jersey through phone calls, travel to New Jersey to meet with Plaintiff's team, and sending payments into New Jersey.

To decide whether to exercise jurisdiction over a breach of contract claim, we must consider "the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy,* 238 F.3d 248, 256 (3d Cir.2001). In *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.,* the Third Circuit stated, "informational communications in furtherance of [a contract between a resident and a nonresident] does [sic] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." 75 F.3d 147, 152 (3d Cir.1996). However, the *Vetrotex* court described other cases where personal jurisdiction could arise "from a nonresident defendant's contract with a forum resident." *Remick,* 238 F.3d at 256. Specifically, the *Vetrotex* court distinguished cases in which "the defendant solicited the contract or initiated the business relationship leading up to the contract ... [or] a case where the defendant sent any payments to the plaintiff in the forum state, or where the defendant engaged in extensive post-sale contacts with the plaintiff in the forum state." *Vetrotex,* 238 F.3d at 152-53.

Accordingly, the Third Circuit found that a district court properly exercised personal jurisdiction over a nonresident defendant in a contract claim where the nonresident defendant contracted with a forum resident in *Remick v. Manfredy.* 238 F.3d at 256. In *Remick,* the nonresident defendant "sought ... out [the contract] by placing a telephone call to [the plaintiff's office in the forum state, which] ... eventually resulted in the fee agreement between [the parties], which the [nonresident defendant] signed and returned to [the forum state]." *Id.* In addition, the Third Circuit found that there were "repeated informational communications during the course of the contractual relationship between [the parties in *Remick*] with [the forum plaintiff at his office in the forum state], including the final communication," which was the defendant's termination letter. *Id.* (citing *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 482 (3d Cir.1993) ("Mail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction.")).

Moreover, in *Mellon Bank (East) PSFS v. Farino,* the Third Circuit upheld jurisdiction over out-of-state defendants who approached a bank in the forum state for a loan. *See* 960 F.2d 1217, 1222 (3d Cir.1992) (noting that jurisdiction is proper where parties "reach out beyond one state and create continuing relationships and obligations with citizens of another state.") (quoting *Burger King Corp.,* 471 U.S. at 473). The *Farino* court stated that, like the defendant in *Burger King,* the *Farino* defendant approached the plaintiff bank and "establish[ed] a business relationship with a[n] entity" in the forum state and "knowingly created continuing obligations with a citizen of [the forum state]." *Farino,* 960 F.2d at 1223. The Third Circuit further stated in *Farino,* "When a defendant ... received the benefits and protections of the forum's laws by engaging in business activities with a forum resident, the courts ... 'consistently reject[ ] the notion that an absence of physical contacts can defeat personal jurisdiction there.' " *Id.* at 1225

(quoting *Burger King Corp.,* 471 U.S. at 476); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 65-66 (3d Cir.1984) ("What is required ... is actual evidence that, by entering into the contract, the particular defendant could foresee impact within [the forum state].").

Finally, the Third Circuit found personal jurisdiction over a contract claim between a nonresident defendant and a forum resident where the contract was of a long term, ongoing nature, rather than a one-time occurrence or single transaction. *See Assoc. Bus. Tel. Sys. v. Greater Capital Corp.,* 861 F.2d 793 (3d Cir.1988) (finding a district court's exercise of personal jurisdiction over a nonresident defendant proper where the nonresident defendant entered into a ten-year contract with a forum resident, which "created continuing obligations" between the parties").

Given the totality of the circumstances in the instant case, we find that Defendant has sufficient minimum contacts with New Jersey to meet the first prong of the test for personal jurisdiction. Specifically, like the nonresident defendant in *Remick,* Defendant reached out to the forum Plaintiff to facilitate the negotiation of the agreement after viewing the Plaintiff's website. Tenn. (Complaint ¶ 27). Plaintiff's company email letterhead prominently includes their postal address in Marlton, New Jersey. (Defs. Ex. C). Therefore, from the outset, Defendants knew they negotiated with an entity located in New Jersey. Importantly, Defendant Davin also visited Plaintiff's New Jersey office on two occasions. (Davin Decl., ¶ 24). In addition, the retention letter, signed by Defendants, clearly includes Plaintiff's address in New Jersey. (Ex. B, Ex. I).

Defendants' argument that their only contacts with New Jersey occurred due to Plaintiff's decision to be based in New Jersey is unavailing and does not absolve them of being subject to the jurisdiction of this Court. Defendant cites *Vetrotex,* without discussing the exceptions the

Third Circuit detailed in that decision which narrowed its scope. The *Vetrotex* Court emphasized that their case was distinguishable from one in which the defendant solicited a contract with the plaintiff, as occurred in the instant case.

*2. Fair Play and Substantial Justice*

Once a plaintiff establishes the "minimum contacts" prong of the inquiry, a court may exercise personal jurisdiction over a defendant so long as the exercise of that jurisdiction "comport[s] with fair play and substantial justice." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004) (internal quotations and citations omitted). "To defeat jurisdiction based on this fairness inquiry, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* "The Supreme Court indicated that lower courts addressing the fairness question may consider the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (internal quotations omitted). Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice ... defeat the reasonableness of jurisdiction even [though] the defendant ... purposefully engaged in forum activities." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County,* 480 U.S. 102, 116 (1987) (internal quotations omitted).

Defendant has not raised a compelling reason why jurisdiction in New Jersey would offend traditional notions of fair play and substantial justice. Given that Defendants knowingly reached out to Plaintiff, a New Jersey corporation for the purpose of negotiating a contract, corresponded with staff in Plaintiff's New Jersey office, sent payments to Plaintiff in New Jersey,

and visited Plaintiff at their New Jersey office, it seems that Defendants could foresee the possibility of being haled into a New Jersey court.

Therefore, the Court finds that exercising personal jurisdiction over Defendants in New Jersey does not offend traditional notions of fair play and substantial justice. As a result, the second prong of the personal jurisdiction is met, and Defendants' motion to dismiss based on lack of personal jurisdiction is denied.

### C. Motion to set aside Default Judgment under Fed. R. Civ. P. 60(b)(4) due to insufficient service of process

In addition, Defendants seek to set aside the Default Judgment under Rule 60(b)(4) due to insufficient service of process. In order for this Court to exercise personal jurisdiction over a defendant, that defendant must have been properly served with a summons and a copy of the Complaint. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). Without proper service of process, a default judgment is considered void and must be set aside under Rule 60(b)(4). *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14, 19 (3d Cir. 1985).

The Third Circuit has held that "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).
The requirements for proper service are set forth in Federal Rule of Civil Procedure 4, which states that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). To serve a corporation, Rule 4(h)(1)(a) and Rule 4(h)(1)(b) dictate that service must be made in accordance with the manner prescribed by Rule 4(e)(1) or be made personally to an officer or authorized agent of the corporation. Therefore, service in this matter must be effected by either the standards set forth in Rule 4 or those contained in the Court Rules for the State of New Jersey or the State of Tennessee.

Under New Jersey Court Rule 4:4-3, service can be obtained by registered or certified mail, return receipt requested, to the usual abode or place of business of the defendant. In instances in which the plaintiff does not receive a return receipt, they may simultaneously attempt service by both registered or certified mail and ordinary mail. In this situation, "if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service." N.J. Ct. R. 4:4-3. Finally, Rule 4:4-4(c) makes clear that service by mail shall not be the basis of a default against any defendant "who fails to answer or appear in response thereto." N.J. Ct. R. 4:4-4(c).

In determining whether service by mail can be the basis for an entry of a default judgment, Rule 4.04(10) of the *Tennessee Rules of Civil Procedure* provides:

> Service by mail shall not be the basis for the entry of a judgment by default unless the record contains either: (a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11).

Here, Plaintiff did not adhere to the requirements of the Court Rules for the State of New Jersey because there is no indication in the record that they simultaneously sent copies of the summons to the defendant by both certified and ordinary mail, not just certified mail alone. (Davin Decl., ¶ 2, Collective Ex. 1, Kirchner Aff., ¶ 11). Furthermore, despite erroneously claiming otherwise in their initial request for an Entry of Default, Plaintiff did not receive a response to attempts at service by mail from Defendants as required for an Entry of Default under both the Court Rules for the State of New Jersey and the State of Tennessee. (Kirchner Aff., ¶ 31). Both return receipts received by the Plaintiff were signed for by "Kerry Browder," who is not an agent of Defendants and is not authorized to receive service on their behalf. (Davin Decl., ¶ 7, Defs. Ex. E).

When considering a motion to vacate a default judgment, questions and doubts are to be resolved in favor of setting aside a default to allow for a decision on the merits. *Aruanno v. Caldwell*, No. CV 2:14-5652 (WJM), 2018 WL 2289875, at *2 (D.N.J. May 18, 2018) (citing *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951). Given that the burden to demonstrate proper service rests with the Plaintiff, and Plaintiff has not been able to point to a clear-cut example where Defendants were served properly in accordance with either Rule 4 or the Court Rules for the State of New Jersey or the State of Tennessee, the original judgment is

void, and Defendants motion to vacate the Default Judgment pursuant to Rule 60(b)(4) is granted.

### IV. CONCLUSION

Defendants' Motion to Set Aside the Default Judgment under Rule 60(b)(4) is **GRANTED**. Plaintiff shall have 60 days to effect proper service upon Defendants by serving a copy of the summons and complaint in the manner prescribed by either the Federal Rules of Civil Procedure, the New Jersey Court Rules, or the Tennessee Rules of Civil Procedure.

Dated: August 4, 2022                                         /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge